No. 710
BOTTS v. JOHN C. THOM & SONS
Ohio Appeals, 1st District, Hamilton Co.
No. 2575. Decided March 23, 1925.

997. REAL ESTATE—Mere authority to sell does not include power by agent to receive payment of purchase money.

CUSHING, J.

John C. Thom & Sons brought an action against Alonzo Botts on a promissory note for $250 with interest, in the Municipal Court of Cincinnati. Judgment in that court was for Thom & Sons it being affirmed by the Hamilton Common Pleas.

The action it seems grew out of a real estate action. Thom & Sons were acting as agents of one, Chalk, who had a farm for sale. A contract was entered into by Botts to purchase the farm, $50 was paid in cash and, a note for $250 the subject of this action was given as part payment on the purchase price. The transaction was not completed. Error was prose-

cuted by Botts from the judgment of the Common Pleas and the court of appeals held:

1. Thom & Sons were given authority to sell the land but were not given authority to collect any payment on the purchase price.

2. Section 11241 GC. provides that an action must be prosecuted by the real party in interest.

3. An agent authorized by parol to sell land has no power to receive the purchase money, unless the authority is impliedly or specifically granted by the power of attorney or conduct of the principal. Authority to collect is broader and more comprehensive than authority to receive payment.

4. No consideration was given by Thom & Sons to Botts on his note, nor had they authority to maintain an action in their own names to collect a part of the purchase price of the real estate.

5. Judgment reversed, and cause remanded with instructions to dismiss the action.

Attorneys—Lawrence J. Smith for Botts; Karl H. Caldwell for Thom & Sons; all of Cincinnati.